```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
  1001 GAMES LLC,                              :
                                               :
                         Plaintiff,            :
                                               :
               - against -                     :    **MEMORANDUM**
                                               :    **DECISION AND ORDER**
  LAWRENCE KERNZ and                           :
  INTERNATIONAL FINE ART LLC,                  :    19-cv-802 (BMC)
                                               :
                         Defendants.           :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff brought this action for breach of contract. Before me is plaintiff's motion for a default judgment. For the reasons stated below, the motion is granted.

## BACKGROUND

According to the complaint, on August 16, 2017, plaintiff and defendant International Fine Art LLC ("IFA") entered into a lease in which defendant Lawrence Kernz guaranteed IFA's performance. On October 15, 2018, plaintiff and defendants entered into an agreement that terminated the lease in exchange for defendants paying $90,000 to plaintiff within 45 days. The October 15, 2018 agreement provided that defendants would be jointly and severally liable for a breach of the agreement. On February 8, 2019, plaintiff still had not received this $90,000 from defendants and commenced this action.

According to an affidavit plaintiff submitted, this October 15, 2018 agreement provided that, in the event of a dispute arising out of the terms or performance of the agreement, the prevailing party would be able to recover its attorney's fees and costs.

**DISCUSSION**

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155 (2d Cir. 1992). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). A court may conduct hearings to determine the amount of damages, but an inquest by paper record – rather than an in-person court hearing – is appropriate when the court relies on affidavits and other documentary evidence. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105 (2d Cir. 1997).

"Under New York law, it is a fundamental principle that an award of damages for breach of contract should put the plaintiff in the same economic position he would have been in had the defendant fulfilled the contract." HTV Indus., Inc. v. Agarwal, 317 F. Supp. 3d 707, 717 (S.D.N.Y. 2018), as amended (June 18, 2018) (internal quotation marks omitted). "Where the contract at issue gives rise to a monetary payment obligation, then the amount owed should be awarded as damages." Id. "Further, New York law provides that prejudgment interest 'shall be recovered upon a sum awarded because of a breach of performance of a contract.'" Id. (quoting N.Y. C.P.L.R. § 5001(a)).

"The date from which interest is to be computed shall be specified in the …decision" but the "amount of interest shall be computed by the clerk of the court … " N.Y. C.P.L.R. § 5001(a). "If prejudgment interest is awarded, the rate of interest under New York law is nine percent (9%) per annum, accruing from the earliest ascertainable date the cause of action

existed." Comprehensive Mfg. Assocs., LLC v. SupplyCore Inc., No. 15-cv-835, 2018 WL 2947869, at *2 (N.D.N.Y. June 12, 2018) (internal quotation marks omitted). "A claim for breach of contract accrues upon the date of breach." Id. (internal quotation marks omitted).

There is no need for a hearing here, where plaintiff has submitted an affidavit and other documentary evidence in support of its claims for damages. Plaintiff shall recover the $90,000 that defendants owe it under the October 15, 2018 agreement, as well as prejudgment interest in an amount to be computed by the Clerk. The interest on the $90,000 shall be computed at a rate of 9% per annum beginning on November 29, 2018, which is the day payment was due to plaintiff.

In addition, plaintiff seeks recovery of $1,095 in attorney's fees under the October 15, 2018 agreement, which, as noted above, allows the prevailing party in a dispute about the performance of the agreement to recover its attorney's fees and costs. This amount is the product of $445 in expenses plus 11.3 hours of work by an attorney billing at $500 an hour, minus a $5,000 retainer. The 11.3 hours of work is reasonable for the tasks undertaken, as is the $445 in expenses.

However, the $500 an hour billing rate is above the rates typical for this district, since "the highest rates in this district rarely exceed $450 per hour, even for the most experienced attorneys in … complex commercial cases." United States ex rel. Joseph F. Tommasino, P.A., PhD v. Guida, No. 10-cv-4644, 2017 WL 878587, at *5 (E.D.N.Y. March 6, 2017) (collecting cases). Further, this case – a straightforward breach of contract action where defendants defaulted – was neither complex nor contentious, and did not involve knowledge of any specialized area of the law. Therefore, the Court will award attorney's fees in the amount of

$530, which is the product of 11.3 hours of work at the more reasonable rate of $450 an hour, plus $445 in expenses but minus the $5000 retainer.

## **CONCLUSION**

The [14] motion for a default judgment is granted. The Clerk is directed to enter judgment in the amount of $90,000, plus interest at the rate of 9% per annum from November 29, 2018 to the date of entry of judgment, together with $530 in attorneys' fees and costs.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       May 27, 2019